# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **JOHNNY L. JONES,** | Case No. 4:18 CV 670 |
| Petitioner, | Judge Benita Y. Pearson |
| v. | Magistrate Judge James R. Knepp II |
| **WARDEN CHARLES BRADLEY,** | |
| Respondent. | **REPORT AND RECOMMENDATION** |

## INTRODUCTION

*Pro se* Petitioner Johnny L. Jones ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Charles Bradley ("Respondent") filed a Return of Writ / Answer[1] (Doc. 16), and Petitioner filed a Reply (Doc. 18). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated April 18, 2018). For the reasons discussed below, the undersigned recommends the Petition be denied.

## PROCEDURAL HISTORY

State Court Convictions

*Mahoning County*

In September 1989, a Mahoning County Grand Jury indicted Petitioner on two counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b)(2)(B), four counts of rape in violation

---

1. Parties and Courts commonly use the terms "Return of Writ" and "Traverse" to refer to what the Rules Governing Section 2254 Cases now term an "Answer" and "Reply". *See* Rule 5 of the Rules Governing Section 2254 Cases.

of Ohio Revised Code § 2907.02(A)(2)(B), two counts of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1)(B), and three counts of kidnapping in violation of Ohio Revised Code § 2905.01(A)(3)(4)(C). (Ex. 1, Doc. 16-1, at 5-11). Each count contained a prior conviction specification. *See id.* Petitioner pleaded not guilty to each count. (Ex. 2, Doc. 16-1, at 12). Petitioner subsequently withdrew his not guilty plea and entered a plea of guilty to six counts of rape in violation of Ohio Revised Code § 2907.02(A)(2)(B), two counts of aggravated robbery, and three counts of kidnapping, each with a prior conviction specification. (Ex. 3, Doc. 16-1, at 13-15). On July 26, 1990, the trial court sentenced Petitioner to a term of 15 to 25 years, with an additional order that "the minimum sentence shall be actual." (Ex. 4, Doc. 16-1, at 16). Petitioner did not appeal. *See* Ex. 46, Doc. 16-1, at 385-86.

*Richland County*

While Petitioner was incarcerated in 1996, a Richland County Grand Jury indicted him on one count of felonious assault in violation of Ohio Revised Code § 2903.11, based on a prison incident. (Ex. 5, Doc. 16-1, at 22-23). A jury found Petitioner guilty after a trial. *See* Ex. 6, Doc. 16-1, at 24. On February 21, 1997, the trial court sentenced Petitioner to eight years in prison. *Id.* at 25. That sentence was ordered to be served consecutively to all other sentences. *Id.* Petitioner appealed (Exs. 7-8, Doc. 16-1, at 27-54), and the Ohio Fifth District Court of Appeals affirmed on December 10, 1997 (Ex. 10, Doc. 16-1, at 111-17). Petitioner's subsequent application for reconsideration (Ex. 11, Doc. 16-1, at 118-20), was overruled on December 30, 1998 (Ex. 13, Doc. 16-1, at 123). And his later motion for leave to file a delayed appeal (Ex. 14, Doc. 16-1, at 124-25), was denied on February 3, 1999 (Ex. 15, Doc. 16-1, at 126). Petitioner also filed a delayed application for reopening on April 30, 2001 (Ex. 16, Doc. 16-1, at 127-33), which the appellate

2

court denied on June 15, 2001 for failure to show good cause for the late filing (Ex. 18, Doc. 16-1, at 139).

Motion for Declaratory Judgment

In May 2007, Petitioner filed a *pro se* motion for declaratory judgment in the Lucas County Court of Common Pleas, asserting claims against the Ohio Adult Parole Authority ("OAPA"). (Ex. 19, Doc. 16-1, at 140-45). Therein, he asserted that the OAPA shifted his parole date seven years into the future, and recalculated his minimum sentence from 15 to 23 years, and his maximum sentences from 25 to 33 years. *Id.* at 142. He asserted that although he had no constitutional right to parole, under Ohio law, he was entitled to a parole hearing after the expiration of his minimum sentence. *Id.* at 143. The OAPA filed an answer (Ex. 20, Doc. 16-1, at 146-49), and Petitioner filed a response (Ex. 21, Doc. 16-1, at 150-54). The OAPA then moved for summary judgment (Ex. 22, Doc. 16-1, at 155-78), and Petitioner opposed (Ex. 23, Doc. 16-1, at 179-85). On December 3, 2007, the court granted the OAPA's motion for summary judgment, and dismissed Petitioner's motion for declaratory judgment with prejudice. *See* Ex. 49, Doc. 16-1, at 403 (docket entry).

Petitioner did not file a timely appeal, but on February 22, 2008, filed a *pro se* notice of appeal and motion for leave to file a delayed appeal. (Exs. 24-25, Doc. 16-1, at 186-90). On April 21, 2008, the Sixth District Court of Appeals denied Petitioner's request to file a delayed appeal, finding Ohio Appellate Rule 5(A) (governing delayed appeals) did not apply to civil cases. (Ex. 26, Doc. 16-1, at 191-92). The appellate court also subsequently denied Petitioner's May 7, 2008 motion for reconsideration (Ex. 27, Doc. 16-1, at 193-99), as untimely on May 20, 2008 (Ex. 28, Doc. 16-1, at 200-01).

State Post-Conviction Proceedings

On December 8, 2010, Petitioner filed a state court petition for habeas corpus. (Ex. 29, Doc. 16-1, at 202-17). The warden filed a motion to dismiss (Ex. 30, Doc. 16-1, at 218-25), which the state court granted on January 25, 2011 (Ex. 31, Doc. 16-1, at 226).

Court of Claims Proceedings

In November 2014, Petitioner filed a *pro se* complaint in the Ohio Court of Claims (Ex. 32, Doc. 16-1, at 227-37); he subsequently filed an amended complaint (Ex. 33, Doc. 16-1, at 272-75). Therein, he again challenged his sentence calculation. *See* Ex. 33, Doc. 16-1, at 272-75. On November 16, 2015, a Court of Claims Magistrate determined Plaintiff had failed to prove his claim by a preponderance of the evidence and that "at all times relevant, defendant has confined plaintiff pursuant to a valid sentencing entry." (Ex. 34, Doc. 16-1, at 278). Petitioner filed an objection to the Magistrate's decision (Ex. 35, Doc. 16-1, at 281-87), but on February 4, 2016, the Ohio Court of Claims overruled those objections and adopted the Magistrate's decision. (Ex. 36, Doc. 16-1, at 288-93). Therein, the Court of Claims overruled some of Petitioner's objections for failure to file a transcript, *id.* at 290-91, and others because they asserted constitutional claims which the Court of Claims was "without jurisdiction to consider", *id.* at 291. Further, the court overruled some of Petitioner's objections on the merits. *Id.* at 291 ("Plaintiff's objections identify nothing on the face of the sentencing entries that would bring their validity into question.").[2]

---

2. The court quoted the magistrate's opinion and overruled Petitioner's objection:

> According to plaintiff, the Ohio Administrative Code prohibits defendant from requiring him to serve his definite term prior to serving his indefinite term. However, such an argument necessitates the consideration of extrinsic information to calculate plaintiff's sentence. Nevertheless, Ohio Admin. Code 5129-2-03.2(E) provides that plaintiff['] s definite term shall be served before plaintiff['] s indefinite term is served. Moreover, it appears that plaintiff assumed that had his indefinite term been served first, he would have been granted parole when he reached the

On February 22, 2016, Petitioner filed a timely notice of appeal to the Tenth District Court of Appeals. (Ex. 37, Doc. 16-1, at 294). Petitioner raised four assignments of error:

1. The Magistrate erred in it's [sic] ruling that the Ohio Department of Rehabilitation, (hereinafter O.D.R.C.) had some legal privilege to keep Appellant, who was lawfully sentenced to imprisonment, beyond the expiration of his sentence.

2. If the expiration of a sentence does not create a duty to release a prisoner[,] breach of which constitutes false imprisonment.

3. The Court erred when it failed to address the issue of Appellant[']s right to see the parole board before the expiration of Appellant[']s minimum sentence, Ohio Revised Code § 2967.13, and Civil Rights Act of 1871.

4. The Magistrate erred when it didn't address the breach of the plea agreement Appellant had with the State of Ohio.

(Ex. 38, Doc. 16-1, at 297). The ODRC filed a brief in response (Ex. 39, Doc. 16-1, at 313-26), and on August 18, 2016, the Tenth District Court of Appeals affirmed the judgment of the Ohio Court of Claims (Ex. 40, Doc. 16-1, at 327-34). Petitioner then filed a motion for reconsideration (Ex. 41, Doc. 16-1, at 335-41), which the appellate court denied on October 25, 2016 (Ex. 42, Doc. 16-1, at 342-43).

On November 14, 2016, Petitioner filed a timely *pro se* notice of appeal with the Ohio Supreme Court. (Ex. 43, Doc. 16-1, at 344-46). In his brief, Petitioner asserted two propositions of law:

1. Did the Court of Claims abuse its Discretion?

---

minimum sentence, completed his definite term, and been released in August 2014. However, plaintiff presented no evidence to support the assumption that he would have been granted parole upon his eligibility.

Therefore, the magistrate can only conclude that at all times relevant, [plaintiff] has been confined . . . pursuant to a valid sentencing entry.

(Ex. 36, Doc. 16-1, at 292).

> 2. Illegal Incarceration occurred when the Department of Rehabilitation and Correction held Appellant beyond Appellant's legal term of Incarceration.

(Ex. 44, Doc. 16-1, at 349). On April 19, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to Supreme Court Practice Rule 7.08(B)(4). (Ex. 45, Doc. 16-1, at 382).

## FEDERAL HABEAS CORPUS

In his Petition, filed in March 2018[3], Petitioner raises four grounds for relief:

Ground One:  The Magistrate erred in it[]s ruling that the Ohio Department Rehabilitation and Correction, (hereinafter O.D.R.C.) had some legal privilege to keep appellant, who was lawfully sentenced to imprisonment, beyond the expiration of his sentence.

Ground Two:  If the expiration of a sentence does not create a duty to release prisoner, this breach of which constitutes false imprisonment.

Ground Three: The court erred when it failed to address the issue of Petitioner['']s right to see the parole board before the expiration of Petitioner['']s minimum sentence.

Ground Four:  The Magistrate erred when the Court didn't address the breach of Petitioner['']s plea agreement.

(Doc. 1, at 5-7).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and

---

3. The Petition was filed with the United States District Court for the Southern District of Ohio on March 21, 2018. *See* Doc. 1. Pursuant to the federal prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). The Petition does not state the date of mailing, *see* Doc. 1, at 8, but the attached affidavit is dated March 12, 2018, *see* Doc. 1, at 9.

quotation omitted). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## DISCUSSION

Respondent argues the Petition should be dismissed because the claims therein are: 1) time-barred; 2) non-cognizable; and 3) procedurally defaulted. For the reasons discussed below, the undersigned finds Petitioner's claims time-barred, and alternatively non-cognizable, and therefore recommends the Petition be denied.

Motion to Strike

Preliminarily, Petitioner moves to strike Respondent's Answer because he asserts it fails to comply with the 20-page briefing limit imposed by Local Rule 7.1. Petitioner is correct that Local Civil Rule 7.1 provides that *motions* in administrative track cases are limited to twenty pages. *See* N. D. Ohio Local R. 7.1(f). However, Respondent's Answer is not a "motion", but is rather a response to the Petition. Moreover, the undersigned notes that the Rules Governing Section 2254 Cases contain no page limitations on the Answer or Reply (*see* Rule 5), and this Court routinely permits such filings exceeding 20 pages. As such, Petitioner's motion to strike is DENIED. *See, e.g., In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993) ("District courts unquestionably have substantial inherent power to manage their dockets.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)).

AEDPA Statute of Limitations

The AEDPA provides for a one-year statute of limitations during which a prisoner in state custody may file a petition for habeas relief in federal court. 28 U.S.C. § 2244(d)(1). The limitation period begins with any of the following scenarios, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Cases become final for purposes of § 2244(d)(1)(A) when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

At base, all of Petitioner's grounds challenge the alteration of the calculation of his sentence after his 1997 conviction. *See* Doc. 1, at 2 ("The issue [] before this Court is whether the Department of Corrections has the legal right to disturb my sentence and impose it[]s own interpretation of what [P]etitioner['s] sentence is suppose[d] to be."). He expressly does not challenge either conviction or sentence, but rather the implementation of the sentences. *See id.* ("Petitioner would again notify this court that he is <u>NOT</u> challenging his conviction in either county, but only the application of that sentence in accordance to the Department of Rehabilitation and Correction and the Bureau of Sentence Computation.") (emphasis in original); *see also* Doc. 18, at 2.

Thus, although Petitioner does not cite it (*see* Doc. 1), or respond to the arguments in the Answer in his Reply (*see* Doc. 18), the undersigned liberally construes the Petition to seek application of § 2244(d)(1)(D). Under this subsection, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner "must show that he *could not have* discovered the factual predicate for his habeas claim earlier through the exercise of due diligence." *Bey v. Capello*, 525 F. App'x 405, 408 (6th Cir. 2013) (emphasis added) (citing *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)). That is, "[t]he burden of showing due diligence rests with the

petitioner." *Shorter v. Richard*, 659 F. App'x 227, 232 (6th Cir. 2016) (citing *McSwain v. Davis*, 287 F. App'x 450, 454-55 (6th Cir. 2008)).

The factual basis underlying all of Petitioner's claims is that the state court could not require him to serve his second sentence (of eight years, *see* Ex. 6, Doc. 16-1, at 25), before serving his original sentence (of 15 to 25 years, *see* Ex. 4, Doc. 16-1, at 16). In his Petition, Petitioner states:

> In 1997 the Bureau of Sentence Computation and the Ohio parole board informed petitioner that his parole board date had been moved ahead 8 years, from 15 to 25 years, to 23 to 25[4] years, stating that the eight year sentence had to be completed from Richland County first before my Mahoning County sentence could be completed.
> When I questioned this alter[ed] sentence, the [B]ureau of [S]entence [C]omputation stated that they had aggregated my sentence and that the definite sentence (8) years had to be served first, so I had to complete the (8) year conviction, go to pre-release then continue my sentence out of Mahoning County. I filed a claim stating that the D.R.C. and B.O.S.C. was holding me illegally [and] that these departments had no legal right to alter my sentence.

(Doc. 1, at 3). That is, Petitioner argues that the Bureau of Sentence Computation and ODRC incorrectly applied his sentences, however, he also admits he knew of this alleged error in 1997. Despite this admitted knowledge, Petitioner took no action between the appellate court's June 15, 2001 denial of his delayed application for reopening (Ex. 18, Doc. 16-1, at 139) and May 2007 when he filed his motion for declaratory judgment (Ex. 19, Doc. 16-1, at 140-45). Further, after that motion was denied, Plaintiff took no action from May 20, 2008 (when the appellate court denied his motion for reconsideration, *see* Ex. 28, Doc. 16-1, at 200-01) until December 8, 2010 (when he filed a state habeas petition, *see* Ex. 29, Doc. 16-1, at 202-17). After that proceeding concluded on January 25, 2011 (Ex. 31, Doc. 16-1, at 226), Petitioner again took no action until

---

4. This appears to be a typographical error and should read "from 15 to 25 years, to 23 to 33 years." *Cf*, Ex. 19, Doc. 16-1, at 142.

November 10, 2014, when he filed his Court of Claims case (Ex. 32, Doc. 16-1, at 227-37). And Petitioner did not file the instant Petition until March 2018. *See* Doc. 1.

It is a Petitioner's burden to show diligence to justify a different start date under § 2244(d)(1)(D). *See DiCenzi*, 452 F.3d at 471. Petitioner does not point to a specific date on which he alleges the statute of limitations should have begun to run. And, Petitioner admits he knew sometime in 1997 of the recalculation which he now challenges. (Doc. 1, at 3). Moreover, he brought an initial challenge to that decision in 2007, further proving that he was aware of the underlying facts at that time. With the significant gaps in activity described above in pursuing his claims, Petitioner has failed to satisfy his burden to demonstrate that he exercised reasonable diligence in pursuing his rights. As such, he is not entitled to a later start date to the limitations period under § 2244(d)(1)(D).

*Statutory Tolling*

A properly filed post-conviction petition can serve to toll the statute of limitations in habeas cases. 28 U.S.C. § 2244(d)(2). *See Evans v. Chavis*, 546 U.S. 189, 191 (2006). A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, such as those prescribing the time limits for filing." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State courts are the final arbiters of whether a state collateral action is considered timely, and thus, properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). A state post-conviction petition rejected by the state court on timeliness grounds is not properly filed and, therefore, it cannot serve as the basis for statutory tolling. *Allen v. Siebert*, 552 U.S. 3, 5 (2007). Once the statute of limitations expires, state collateral review proceedings can no longer serve to avoid the time-bar. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, revive the limitations

period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (internal quotation and citation omitted). Statutory tolling cannot render the Petition timely in this case. This is so because as set forth *supra*, there are multiple periods of time exceeding one year between when Petitioner learned of the facts underlying his present claims and March 2018, when the Petition was filed. Thus, the Petition remains untimely unless Petitioner can show some basis for equitable tolling.

*Equitable Tolling*

AEDPA's one-year limitations period may be subject to equitable tolling if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011). A demonstration of actual innocence may also serve as a gateway to review of an otherwise barred claim, but a Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Again, for the same reasons discussed above, Petitioner has failed to show diligence. And, he has alleged no "extraordinary circumstance" that prevented him from timely filing. As such, he is not entitled to equitable tolling. *See Holland*, 560 U.S. at 649. Further, Petitioner has presented no claim, or evidence of "actual innocence" to excuse the statute of limitations bar, and in fact, expressly notes that he is not challenging his underlying convictions. *See* Doc. 1, at 2.

Petitioner presents no specific argument in response to Respondent's assertion of a time-bar. Rather, in Reply, he asserts (without support) that: "Respondent[']s claim of time bar is

unfounded" (Doc. 18, at 3) and that "Respondent[']s notion that this action is untimely is unfounded and moot." (Doc. 18, at 8). Construing Petitioner's Reply extremely liberally, he asserts that the relevant date triggering the start of his habeas statute of limitations was August 2, 2014 when "the sentence issued by Mahoning County Judge Peter C. Economus was completed." (Doc. 18, at 2). He then details his Court of Claims case which began on November 10, 2014 (*see* Ex. 32, Doc. 16-1, at 227-37), and concluded with the Ohio Supreme Court's declining to accept jurisdiction on April 19, 2017. *See* Doc. 18, at 2. But again, Petitioner admits that he knew of the facts underlying his claims in 1997, *see* Doc. 1, at 3, and provides no explanation for why he could not have brought his habeas petition sooner. Moreover, even if this analysis were correct – for the reasons discussed below, the Petition must still be denied as it raises only non-cognizable state law claims.

Non-Cognizable Claims

Even if Petitioner's claims were not time-barred, the undersigned would recommend they be dismissed as non-cognizable.

The Court will not have jurisdiction over a petitioner's claims for purposes of habeas corpus review if they do not "challenge the legality of his custody" based on a "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a).[5] Indeed, "[t]he writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan,* 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten,* 146 F.3d 314, 328 (6th Cir. 1998) ("A claim based solely on an error of state law is not redressable through the federal habeas process.") (quoting *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991)). Moreover,

---

5. For this reason, Petitioner's citation to the Ohio habeas statutes, Ohio Revised Code § 2725.01 et seq. (Doc. 1, at 1), is unavailing. This Court cannot grant habeas relief based on Ohio law.

merely asserting a state law error violates the Federal Constitution is not sufficient to justify jurisdiction. *See Wilson v. Corcoran,* 562 U.S. 1, 5 (2010).

Nevertheless, habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair" criminal process. *Williams v. Anderson,* 460 F.3d 789, 816 (6th Cir. 2006). "[T]he category of infractions that violate fundamental fairness is defined very narrowly", and includes only state rulings that "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bey v. Bagley,* 500 F.3d 514, 521 (6th Cir. 2007) (quoting *Montana v. Egelhoff,* 518 U.S. 37, 43 (1977)) (citations omitted); *see also Wright v. Dallman,* 999 F.2d 174, 178 (6th Cir. 1993). The habeas petitioner bears the burden of showing "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental. *Bey*, 500 F.3d at 521.

*Ground One*

In Ground One, Petitioner asserts "The Magistrate erred in it[]s ruling that the Ohio Department of Rehabilitation and Correction, (hereinafter O.D.R.C.) had some legal privilege to keep appellant, who was lawfully sentenced to imprisonment, beyond the expiration of his sentence." (Doc. 1, at 5). To the extent Petitioner alleges an error by the Judge in the Court of Claims proceeding, that claim is not cognizable on habeas review. *See Estelle*, 502 U.S. at 67-68; *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002) ("[E]rror committed during state post-conviction proceedings can not provide a basis for habeas relief.") (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)). A federal habeas court does not act as an additional state appellate court to review state courts' decisions on state law or procedural issues. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). Moreover, as set forth in greater detail below, Petitioner's sentencing calculation claim is also non-cognizable.

*Ground Two*

In Ground Two, Petitioner asserts: "If the expiration of a sentence does not create a duty to release a prisoner, this breach of which constitutes false imprisonment." (Doc. 1, at 6). In support, Petitioner argues the state court "failed to recognize that the circumstances surrounding the [P]etitioner's conviction provided for a Hybrid sentence" and that a witness in the Court of Claims proceedings was not competent to testify. *Id.* Again, alleging errors in state court post-conviction proceedings does not entitle Petitioner to habeas relief. *Estelle*, 502 U.S. at 67-68; *Alley*, 307 F.3d at 387; *Allen*, 845 F.2d at 614.

*Ground Three*

In Ground Three, Petitioner asserts the Court of Claims "erred when it failed to address the issue of Petitioner['s] right to see the Parole Board before the expiration of Petitioner['s] minimum sentence." (Doc. 1, at 6). Again, as noted above, alleging an error in the state court post-proceedings does not entitle Petitioner to habeas relief. *Estelle*, 502 U.S. at 67-68; *Alley*, 307 F.3d at 387; *Allen*, 845 F.2d at 614. Liberally construed, Petitioner appears to argue that he was entitled – under state law – to a hearing before the Parole Board at the expiration of his original 15-year minimum sentence. However, even so construed, Petitioner fails to raise a claim cognizable in habeas proceedings.

As the Sixth Circuit has explained: "it is now axiomatic that '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" *Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 569 (6th Cir. 2012) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). A state has "no duty even to establish a system for parole", but "[w]hen such a system is in place . . . the existence of a liberty interest in release is entirely dependent on state law." *Id.*

15

(citing *Greenholtz*, 442 U.S. at 12). "[I]f state statutes vest complete discretion to the parole board to determine parole eligibility, no liberty interest exists." *Id.* at 569-70 (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 464-65 (1989)). And, the Sixth Circuit has further explained: "[T]he state of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system." *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007). Without such an interest, Petitioner cannot raise a constitutional due process claim. Thus, Petitioner is left with his argument that the state court miscalculated his sentence and thus denied him an earlier opportunity for parole. Such a claim is not cognizable in habeas proceedings because it does not "challenge the legality of his custody" based on a "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a).[6]

*Ground Four*

In Ground Four, Petitioner argues "the Magistrate erred when the Court didn't address the breach of Petitioner['s] plea agreement." (Doc. 1, at 7). For the same reasons discussed above in relation to Grounds One and Two, this claim is non-cognizable. *Estelle*, 502 U.S. at 67-68; *Alley*, 307 F.3d at 387; *Allen*, 845 F.2d at 314.

*Sentencing Calculation Errors*

As discussed above in relation to the statute of limitations, at base, Petitioner's complaint is one about the interpretation and implementation of his two state sentences. He does not dispute that his second, eight-year, prison sentence was ordered to be served consecutively, but challenges the ODRC's determination that the eight years must be served before the 15-25 years. Petitioner also does not dispute the validity of either conviction or sentence, but rather only their

---

6. Petitioner seems to concede as much in his Reply. *See* Doc. 18, at 4 ("At no time has [P]etitioner [c]ited any authority that would justify a release on parole. Under Ohio and Federal law there are no such rights.")

implementation. This is evident from Petitioner's Reply, which cites almost exclusively state law. *See* Doc. 18, at 4-8. And, in Petitioner's own words: "The sole issue here is whether [Petitioner] . . . has completed the sentences from Mahoning County and Richland County, pursuant to Revised Code § 2725.02, the issue is [""]Interpretation of the sentence" – a question of law." *Id.* at 4. This argument is, at its core, a question of state sentencing law, and not one for a habeas court to determine. *See Estelle*, 502 U.S. at 67-6; *see also Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."). As such, these claims are not cognizable on habeas review.

Because the Petition is clearly time-barred and raises only non-cognizable claims and can be dismissed on either of these bases alone, the undersigned need not reach Respondent's additional argument that it is also procedurally defaulted.

CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be DENIED.

s/ James R. Knepp II<br>United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).