PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY L. JONES, | ) | CASE NO. 4:18CV670 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CHARLES BRADLEY, | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 19, 20] |
| Respondent. | ) | |

Pending before the Court is *Pro Se* Petitioner Johnny L. Jones' Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging four grounds for relief.  The

case was referred to Magistrate Judge James R. Knepp II for a Report and Recommendation

pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  The magistrate judge subsequently

issued a Report & Recommendation (ECF No. 19) recommending that the Court deny the

petition because Petitioner's claims are both time-barred and non-cognizable under § 2254.

Petitioner filed a Motion in Opposition to the Magistrate Judge's Report (ECF No. 20).

For the following reasons, Petitioner's objections are overruled, the Report and

Recommendation is adopted, and the petition is dismissed.

## I. Background

Petitioner is currently incarcerated at Pickaway Correctional Institution, having been

found guilty in 1990 of six counts of rape, two counts of aggravated robbery, three counts of

kidnapping, and in 1997 of one count of felonious assault.  Petitioner, challenging the calculation

(4:18CV670)

of his sentence[1] after his 1997 conviction, filed the instant habeas corpus petition on March 21,

2018, asserting four grounds for relief:

> **Ground One:** The Magistrate [Judge] erred in it[]s ruling that the Ohio
> Department of Rehabilitation and Correction, (hereinafter O.D.R.C.) had some
> legal privilege to keep appellant, who was lawfully sentenced to imprisonment,
> beyond the expiration of his sentence.
>
> **Ground Two:** If the expiration of a sentence does not create a duty to release
> prisoner, this breach of which constitutes false imprisonment.
>
> **Ground Three:** The court erred when it failed to address the issue of Petitioner[']s
> right to see the parole board before the expiration of Petitioner[']s minimum
> sentence.
>
> **Ground Four:** The Magistrate [Judge] erred when the court didn't address the
> breach of Petitioner[']s plea agreement.

ECF No. 1 at PageID #: 5-7.

Magistrate Judge Knepp concluded that Petitioner's claims are non-cognizable on habeas

review and time-barred, and thus the petition should be dismissed. ECF No. 19 at PageID #:

554. The Court has reviewed the record carefully and agrees with the magistrate judge's

conclusion.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to the Magistrate Judge's Report and Recommendation,

the District Court standard of review is de novo. Fed. R. Civ. 72(b)(3). A district judge:

---

[1] Petitioner states that he does not challenge either the convictions or sentences,
but rather the implementation of the sentences. ECF No. 1 at PageID #: 2 ("Petitioner
would again notify this court that he is NOT challenging his conviction in either county,
but only the application of that sentence in accordance to the Department of
Rehabilitation and Correction and the Bureau of Sentence Computation.").

(4:18CV670)

> must determine de novo any part of the magistrate judge's disposition that has
> been properly objected to.  The district judge may accept, reject, or modify the
> recommended disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

*Id*.

### III.  Law & Analysis

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state

court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert.*

*denied*, 532 U.S. 947 (2001).

A federal court may review a state prisoner's habeas petition only on the grounds that the

challenged confinement violates the Constitution, laws or treaties of the United States.  28

U.S.C. § 2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a

perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Smith v.*

*Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  Because state courts are the final authority on

state-law issues, the federal habeas court must defer to and is bound by the state court's rulings

on such matters.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a

federal habeas court to reexamine state-court determinations on state-law questions."); *see also*

(4:18CV670)

*Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) ("[A] violation of state law is not cognizable in federal habeas [] unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.").

### A. Petitioner's Objections

In the Report and Recommendation, the magistrate judge found that all four of Petitioner's claims should be dismissed because they are time-barred and non-cognizable. ECF No. 19 at PageID #: 554. Specifically, as to timeliness, Petitioner's asserted Grounds challenge the recalculation of his sentence after his 1997 conviction. Despite admitting he knew in 1997 of the recalculation of his sentence, Petitioner brought a challenge to that decision, for the first time, in 2007. The Magistrate Judge correctly found that Petitioner failed to satisfy AEDPA's statute of limitations period and also failed to make the requisite demonstrations for statutory and equitable tolling. Furthermore, Petitioner's asserted Grounds raise only non-cognizable state law claims. The writ of habeas corpus is not available to remedy errors of only state law. *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("A claim based solely on an error of state law is not redressable through the federal habeas process.").

In Petitioner's Motion in Opposition to the Report and Recommendation, he does not object to the magistrate judge's findings with regard to each of the four asserted Grounds. ECF No. 20. Rather, Petitioner merely recites arguments that have already been considered by the magistrate judge. *See id.* at PageID #: 567 ("Petitioner continues to assert that this cause of

4

(4:18CV670)

action has no basis as to his sentence[.]"); *see also id*. at 568 ("Respondents violated [the] final

judgment in 1997. . . making the 1990 judgment void.").

28 U.S.C. § 636, which defines the jurisdiction, powers, and temporary assignment of

United States Magistrate Judges, requires a district court to conduct a *de novo* review of those

portions of the Magistrate Judge's Report and Recommendation to which an objection has been

properly made. 28 U.S.C. § 636(b)(1). However, an objection to a Report and Recommendation

is not meant to simply be a vehicle to rehash arguments set forth in the petition, and the Court is

under no obligation to review *de novo* objections that are merely an attempt to have the district

court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden,*

*Toledo Correctional Inst.*, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted);

*see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and

sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial

resources is to be avoided, the district court should be spared the chore of traversing ground

already plowed by the magistrate[.]") (footnote omitted).

> A general objection to the entirety of the magistrate's report has the same effects as
> would a failure to object. The district court's attention is not focused on any specific
> issues for review, thereby making the initial reference to the magistrate useless. The
> functions of the district court are effectively duplicated as both the magistrate and the
> district court perform identical tasks. This duplication of time and effort wastes
> judicial resources rather than saving them, and runs contrary to the purposes of the
> Magistrates Act.

*Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991).

Because Petitioner's objections are simple recitations of his previous arguments, the

Court finds Petitioner's objections not well-taken. Further, the Court agrees with the magistrate

(4:18CV670)

judge's conclusions that Petitioner's assertions do not present cognizable federal habeas claims, and are nonetheless time-barred.  ECF No. 19 at PageID #: 560-63.

Accordingly, the Court finds Petitioner's objections to the Report and Recommendation to be lacking in merit and thus overruled.  The Court adopts the magistrate judge's recommendation in full, finding Grounds One, Two, Three, and Four to be non-cognizable and time-barred.

### IV. Conclusion

Petitioner's Objections (ECF No. 20) are overruled and the Report and Recommendation (ECF No. 19) of the magistrate judge is adopted.  Johnny Jones' Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 September 23, 2020                          /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge


6